UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AGGREKO, LLC** | § | CIVIL ACTION NO. _____ |
| **VERSUS** | § | |
| | § | JUDGE: |
| | § | |
| **AMERICAN HOME ASSURANCE COMPANY** | § | MAGISTRATE: |

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

NOW COMES Aggreko, LLC, a foreign limited liability company whose sole member is Aggreko USA, LLC, a foreign limited liability company whose members are Aggreko US Limited, a UK registered limited company, and Aggreko Holdings, Inc., a Delaware corporation with its principal place of business in New Iberia, Louisiana,[1] which for its complaint states:

I.

Made defendant herein is American Home Assurance Company, a foreign insurer incorporated in New York, with its principal place of business in New York.

II.

This action is brought pursuant to the Declaratory Judgment Act 28 USC § 2201 et seq. as there is an actual controversy among the parties relating to an insurance policy issued by defendant.

III.

The jurisdiction of this Court is based upon 28 USC § 1332 in that it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.

---

[1] Aggreko Holdings, Inc. is also the sole owner/member of Aggreko US Limited.

IV.

Venue is proper in the Eastern District of Louisiana pursuant to 28 USC § 1391 as defendants have sufficient contact through the conduct of their business, and because the operative facts of this case arise within this district.

BACKGROUND

V.

This complaint arises out of facts pled in over 40 similar lawsuits relating to the loss of power at Touro Infirmary on or about August 29, 2005. The claims arise out of alleged injury to, or death of, patients at Touro Infirmary following the loss of power.

VI.

Plaintiff herein, Aggreko, LLC, is one of the defendants in those actions. Attached hereto is a sample of the 40 plus lawsuits entitled "Pamela Simon, on behalf of her deceased mother, Martha Simon v. American Home Assurance Company, Healthcare Casualty Insurance Ltd, Aggreko, LLC and Touro Infirmary." That matter is filed in the Civil District Court for the Parish of Orleans, and is docket number 2014-463 division N-8 (Exhibit "A").

VII.

Generally, it is alleged that Touro Infirmary lost power at or about 3:00 a.m. on August 29, 2005.

VIII.

It is alleged, in part, that the loss of power resulted from the alleged failure of Aggreko, LLC to provide adequate power generating equipment and fuel to operate the chillers in a portion of the hospital.

IX.

Within the 40 plus lawsuits, it is alleged that the patients suffered injury and/or death because it was "unbearably hot, especially for patients."

DISPUTE

X.

At the time of the events involved in this claim, American Home Assurance Company had issued a commercial general liability policy, number 359-76-96, to Aggreko, LLC which policy was in full force and effect (Exhibit "B"). The policy provided coverage in the amount of $2 million per occurrence, with a $2 million annual aggregate.

XI.

Under the insuring agreement the policy provides that it applies to "bodily injury" or "property damage" which is "caused by an 'occurrence' that takes place in the 'coverage territory'."

XII.

The policy defines "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

XIII.

The policy also provides for a self-insured retention. The self-insured retention is $50,000 "per 'occurrence' or offense."

XIV.

The policy provides: "We will pay on behalf of the insured those sums in excess of the 'retained limited' that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The policy further

provides that "the limits of insurance for each of the coverages provided by this policy will apply in excess of a Self-Insured Retention (referred throughout as the 'Retained Limit')." The retained limit includes "Allocated Loss Adjustment Expenses" (which includes defense expenses such as attorneys' fees, court costs, deposition costs, and others).

XV.

The claims asserted in the 40 plus lawsuits all arise out of a single accident or event which was the loss of power at Touro Infirmary. It is the position of Aggreko, LLC that there was a single occurrence, and that therefore, there is a single retained limit for all of the 40 plus lawsuits (which has previously been satisfied in related litigation).

XVI.

Additionally, and alternatively, even if there were multiple occurrences for purposes of determining coverage limits, the language in the policy, including the use of the qualifying and undefined term "offense", results in there being a single retained limit, regardless of the number of claims/suits which arise out of the occurrence or incident involved in the suits.

XVII.

On March 24, 2014, American Home Assurance Company sent Aggreko, LLC a reservation of rights letter (attached hereto as Exhibit "C"). Within that reservation of rights letter, American Home Assurance Company asserts that there is a separate retained limit for each claim asserted by the 40 plus lawsuits (arising out of the loss of power at Touro Infirmary), resulting in Aggreko being exposed to over $2,000,000 (TWO MILLION DOLLARS) of damage claims and defense costs. Aggreko, LLC denies American Home Assurance Company's position, and asserts that there is a single retained limit for all of the claims arising out of the incident at Touro.

XVIII.

There is a genuine controversy between Aggreko, LLC and American Home Assurance Company which is ripe, and which is appropriate for determination by this Court pursuant to the Declaratory Judgment Act.

XIX.

Aggreko, LLC is entitled to declaratory judgment from this Court declaring that there is a single retained limit which applies to all of the claims arising out of the incident at Touro (regardless of the number of claims or suits asserted), that there is not a separate retained limit for each claim, and that the self-insured retention has already been satisfied by payments made in prior litigation arising out of the incident at Touro Infirmary.

WHEREFORE, AGGREKO, LLC PRAYS that, after due proceedings, there be judgment in its favor, and against American Home Assurance Company, declaring that there are not retained limits of $50,000 for each of the 40 plus lawsuits, but rather, that there is a single retained limit in the amount of $50,000 applicable to all of the claims arising out of the loss of power at Touro Infirmary, regardless of the number of claims/suits arising out of that event, and that the self-insured retention in this matter (retained limit) has already been satisfied by Aggreko, LLC.

Respectfully submitted:
BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Fax:  225-381-8029

*/s/ Douglas K. Williams*
Douglas K. Williams, T.A., La Bar Roll No. 2187
Chris D. Billings, La Bar Roll No. 31621
*Attorneys for Aggreko, LLC*

- 5 -

1189801.1