UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AGGREKO, LLC | CIVIL ACTION NO. 2:14-cv-01215 |
| VERSUS | JUDGE CARL BARBIER |
| AMERICAN HOME ASSURANCE COMPANY | MAGISTRATE WILKINSON |

### AMERICAN HOME ASSURANCE COMPANY'S MOTION TO DISMISS

Defendant, American Home Assurance Company ("AHAC"), moves to dismiss the Complaint and Request for Declaratory Judgment [Doc. No. 1] filed by its insured, plaintiff, Aggreko, LLC ("Aggreko").

Before Aggreko instituted the instant declaratory judgment action, over forty separate underlying lawsuits were filed in the Civil District Court for Orleans Parish by separate plaintiffs against Touro Infirmary and Aggreko.[1] These suits seek damages allegedly sustained by patients and invitees while at Touro Infirmary immediately before, during, and after Hurricane Katrina due to a loss of electrical power and the failure of the generators.[2] AHAC was also named a defendant in these underlying lawsuits as a direct action defendant as the insurer of Aggreko. AHAC has answered each of these underlying lawsuits and asserted its coverage defenses, including asserting the defense that each separate plaintiff constitutes a separate "occurrence" and that Aggreko is

---

[1] See, Aggreko's Complaint (Doc. No. 1 at ¶¶V, VI and at Exhibit A).
[2] See, Aggreko's Complaint (Doc. No. 1 at ¶V-IX and at Exhibit A).

1.

therefore responsible for a $50,000 per occurrence self-insured retention.  *After* each of the underlying lawsuits was filed, *after* service was made upon Aggreko and AHAC as defendants in the underlying lawsuits, and *after* AHAC had answered the suits asserting its various coverage defenses as affirmative defenses, including its number of occurrences affirmative defense, Aggreko filed the instant declaratory judgment action seeking a declaration of coverage that injuries to the separate plaintiffs in the underlying 40 lawsuits constitute a single "occurrence" under the AHAC Policy and that Aggreko is therefore only responsible for a single $50,000 per occurrence self-insured retention.

As more fully discussed in the accompanying memorandum in support, this Court should abstain from exercising its jurisdiction in favor of the first-filed Louisiana state court actions under the *Brillhart-Wilton* doctrine because (1) there is pending state court litigation in which all matters in controversy may be fully litigated; (2) the instant declaratory judgment action was filed *after* the state court actions; (3) it would be inequitable to allow Aggreko's suit to proceed here because it would affect the pending Louisiana state court proceedings; and (4) retaining jurisdiction over this suit would result in judicial inefficiency.  Aggreko's suit is an attempt to undermine the jurisdiction of the state courts, which already have jurisdiction over the coverage dispute between AHAC and Aggreko.

WHEREFORE, American Home Assurance Company respectfully prays that the instant Declaratory Judgment action be dismissed with prejudice.

Respectfully submitted,

*s/Alistair M. Ward*

———————————————
ROBERT I. SIEGEL, ESQ. (LA#12063)
ALISTAIR M. WARD, ESQ. (LA#24693)
**GIEGER, LABORDE & LAPEROUSE, LLC**
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
*Counsel for American Home Assurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

*s/Alistair M. Ward*

———————————————
ALISTAIR M. WARD

3.