UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AGGREKO, LLC | * | CIVIL ACTION NO.:  2:14-CV-01215 |
| | * | |
| VERSUS | * | JUDGE CARL J. BARBIER |
| | * | |
| AMERICAN HOME ASSURANCE COMPANY | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**AMERICAN HOME ASSURANCE COMPANY'S
MEMDORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Defendant, American Home Assurance Company ("American Home"), respectfully submits this memorandum in support of its Motion to Dismiss, seeking the dismissal of the Complaint and Request for Declaratory Judgment [Doc. No. 1] filed by its insured--plaintiff, Aggreko, LLC ("Aggreko").  The sole issue raised in Aggreko's Declaratory Judgment suit is whether the damages as alleged in forty, separate state court lawsuits are a single "occurrence" under the American Home commercial general liability policy issued to Aggreko; or, whether under Louisiana's effect test, each separate plaintiff constitutes a separate "occurrence."  The "number of occurrences" dispute raised in Aggreko's Declaratory Judgment suit, however, is already at issue in each of the pending state court lawsuits.  American Home is a direct action defendant in the pending state court lawsuits and has raised the "number of occurrences" as an affirmative defense in each state court suit.[1]

---

[1]   Exhibit 1 (*in globo*) (ASIC's Answer and Affirmative Defenses to underlying state court lawsuits).

1

Due to the pendency of these first-filed state court lawsuits, American Home respectfully asserts that this Court lacks authority to consider the merits of Aggreko's Declaratory Judgment action under the Anti-Injunction Act; or, in the alternative, this Court should abstain from exercising its jurisdiction under the *Brillhart-Wilton* doctrine and dismiss Aggreko's federal court Declaratory Judgment action because (1) there is pending state court litigation in which all matters in controversy may be fully litigated; (2) the instant declaratory judgment action was filed *after* the state court actions; (3) it would be inequitable to allow Aggreko's federal suit to proceed because it would affect the pending Louisiana state court proceedings; and (4) retaining jurisdiction over this suit would result in judicial inefficiency.[2]  In the alternative, American Home moves for a stay of this federal Declaratory Judgment action pending resolution of the first-filed state court lawsuits.

**I. Background**

Before Aggreko instituted the instant Declaratory Judgment action, forty separate lawsuits were filed in the Civil District Court for Orleans Parish by separate plaintiffs against Touro Infirmary, Aggreko, and American Home (as the insurer of Aggreko).[3]  These pending state court suits seek individual damages allegedly sustained by patients and invitees, who were present at various locations throughout Touro for various reasons for various time periods during and after Hurricane Katrina,[4] due to a loss of electrical power and the failure of the generators.[5]

---

[2]   28 U.S.C. 2201(a); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).
[3]   See, Aggreko's Complaint (Doc. No. 1 at ¶¶V, VI and at Exhibit A).
[4]   The underlying state court plaintiffs had filed a motion for class certification in *Weems v. Touro Infirmary, et al.*, Case No. 06-6372 in the Civil District Court for the Parish of Orleans, State of Louisiana. However, on August 9, 213, Honorable Judge Ramsey denied plaintiffs' motion for class certification, finding that plaintiffs failed to satisfy the requirements of (1) numerosity, (2) common questions of law or fact, (3) typicality, (4) adequate representation, (5) adequate class definition, (6) predominance.  Exhibit 2.
[5]   See, Aggreko's Complaint (Doc. No. 1 at ¶V-IX and at Exhibit A).

Aggreko entered into a contract with Touro to provide a generator and associated services in the event of a hurricane.[6] The generator was intended to provide air conditioning to portions of the first three floors of the main hospital building.[7] The Aggreko-provided generators allegedly failed.[8] As a result of this alleged failure, state court lawsuits were filed by patients, invitees, and/or guests of Touro, claiming that each plaintiff sustained injury due to his or her stay at Touro during and immediately after Hurricane Katrina.[9] Each plaintiff was located in a different location within Touro, each plaintiff stayed at Touro for a different period of time, and each plaintiff was at Touro for different reasons (current patient, admitted patient, guest of patient, invited guest as the relative of a Touro employee).

In each of these pending state court lawsuits, each plaintiff named as a defendant Touro, Aggreko, and American Home, as the insurer of Aggreko. Aggreko answered each suit, denying liability. American Home has answered each of these state court lawsuits and asserted its coverage defenses, including asserting the defense that each separate plaintiff constitutes a separate "occurrence" and that Aggreko is therefore responsible for a $50,000 per occurrence self-insured retention for each plaintiff.[10] In particular, American Home asserted the following affirmative defenses in the pending state court lawsuits:

> Pursuant to the Policy's Self Insured Retention Endorsement, American Home has no obligations under the Policy, if any, unless and until Aggreko has exhausted the $50,000 per "occurrence" "retained limit," as those terms are defined by the Policy.

---

[6] *See*, Exhibit A to Aggreko's Declaratory Judgment (*Pamela Simon v. American Home Assurance Co., et al.*, Case No. 14-463, Civil District Court, Parish of Orleans, State of Louisiana) at par. VII.
[7] *See*, Exhibit A to Aggreko's Declaratory Judgment (*Pamela Simon v. American Home Assurance Co., et al.*, Case No. 14-463, Civil District Court, Parish of Orleans, State of Louisiana) at par. VII.
[8] *See*, Exhibit A to Aggreko's Declaratory Judgment (*Pamela Simon v. American Home Assurance Co., et al.*, Case No. 14-463, Civil District Court, Parish of Orleans, State of Louisiana) at par. IX, XII, XIII, XIV.
[9] American Home refers to Exhibit 3 (a list prepared by underlying counsel of the 40 underlying lawsuits pending in state court).
[10] Exhibit 1.

> There is no coverage under the Policy to the extent there has not been an "occurrence," as that term is defined by the Policy, or there is an uncertain number of "occurrences."[11]

*After* the state court lawsuits were filed, *after* service was made upon Aggreko and American Home as defendants in the state court lawsuits, and *after* American Home answered the state court suits asserting its various coverage defenses, including its number of "occurrences" affirmative defense, Aggreko filed the instant Declaratory Judgment action seeking a declaration of coverage that injuries to the separate plaintiffs in the pending state court lawsuits constitute a single "occurrence" under the American Home Policy and that Aggreko is therefore only responsible for a single $50,000 per occurrence self-insured retention.

**II.     This Court should dismiss Aggreko's federal Declaratory Judgment action pursuant to *Orix*.**

Aggreko's federal Declaratory Judgment action was filed pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201.[12] The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a) (emphasis supplied). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-288 (1995).

**A.     The *Orix* factors weigh in favor of dismissal.**

In *Orix v. Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000), the Fifth Circuit identified a three-step inquiry for determining whether to dismiss a federal complaint for declaratory relief: (1) the declaratory judgment must be justiciable; (2) the district court must

---

[11]     Exhibit 1.
[12]     See, Aggreko's Complaint at par. II.

have the authority to grant the requested declaratory relief; and (3) the court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.

### 1. Justiciability is satisfied.

A federal court may not issue a declaratory judgment action "unless there exists an 'actual controversy.'" *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998). American Home does not dispute that "an actual controversy" exists between Aggreko and American Home as to the number of "occurrences" under the American Home Policy. The justiciability requirement is therefore met.

### 2. This Court lacks the authority to grant Declaratory Judgment.

As recognized by this Court, "[a] district court lacks the authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant *previously filed* a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. 2283]." *National Cas. Co. v. DeQueen, Inc*., 2013 WL 6004055 at 2 (E.D.La. November 13, 2013) (Barbier, C.) (emphasis in original), citing, *Nat'l. Cas. Co. v. Tom's Welding, Inc.*, No. 11-3101, 2012 WL 2064451 (E.D.La. June 7, 2012) (Afick, J.). These three factors weigh in favor of dismissal.

The purpose of the first inquiry is to determine whether there are competing state and federal proceedings. *DeQueen*, 2013 WL 6004055 at 3. Here, it is undisputed that, *before* Aggreko filed the instant federal Declaratory Judgment action, the state court lawsuits were filed against American Home and American Home had raised its coverage defenses as affirmative defenses. The coverage disputes were already joined in state court *before* the filing of the federal Declaratory Judgment action. This factor therefore weighs in favor of dismissal of the federal

5

Declaratory Judgment action. American Home recognizes that it, as the declaratory action defendant, did not file suit in the state court against Aggreko, the declaratory action plaintiff; however, such suit was not necessary because the coverage dispute was joined as an issue in the state court lawsuits by virtue of plaintiffs' suit against American Home as a direct action defendant under Louisiana's Direct Action Statute, La. R.S. 22:659. Nonetheless, even if this Court finds that mandatory abstention is not required, this Court should exercise its discretion and abstain from jurisdiction, as discussed below in Section III.

The second factor, which asks whether the state and federal court proceedings involve the same issues, also weighs in favor of dismissal. The sole issue presented by Aggreko's Declaratory Judgment action is whether the state court plaintiffs constitute a single occurrence such that Aggreko is only responsible for a single per occurrence self-insured retention; or whether, as American Home contends, that under Louisiana's effect test, each plaintiff constitutes a separate occurrence and that American Home is not responsible, if at all, unless and until Aggreko exhausts a per occurrence self insured retention for each state court plaintiff. Because the previously filed state court lawsuits involve the exact same issue as raised by Aggreko's federal court Declaratory Judgment action, dismissal of the federal action is warranted.

The third factor asks whether the Anti-Injunction Act bars the federal court from addressing the merits of the declaratory judgment. As this Court held in *DeQueen*, "[b]ecause there is a pending state court action in this matter, the Anti-Injunction Act applies to this suit." *DeQueen*, 2013 WL 6004055 at 3; *see also, Puga v. Hastings*, 2011 WL 2142801 at 1 (E.D.La. May 31, 2011) (Berrigan, H.G.) (finding that the court lacked authority to grant declaratory relief given the pendency of a state court action, which addressed the same issues between the same

parties). Here, the state court lawsuits are pending and were filed prior to the federal Declaratory Judgment action. This Court therefore lacks the authority to consider the merits of the instant request for declaratory relief and Aggreko's Declaratory Judgment action should be dismissed. In the alternative, and in the event this Court finds that it has jurisdiction, American Home respectfully asserts that this Court should abstain from exercising such jurisdiction.

**III.     This Court should dismiss Aggreko's Complaint and Declaratory Judgment pursuant to the *Brillhart-Wilson* abstention doctrine.**

Even if this Court determines that it has authority over this suit, the United States Supreme Court in *Brillhart v. Excess Ins. Co. of America*, 317 U.S. 491, 494 (1942), held that even when a suit under the Declaratory Judgment Act would otherwise satisfy subject matter jurisdiction, the federal district court is "under no compulsion to exercise that jurisdiction." As the Supreme Court explained, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* at 495. Courts presented with a suit under the Declaratory Judgment Act "should ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive state law, can be better settled in the proceedings pending in state court." *Id.* at 496. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court confirmed that *Brillhart* applied to declaratory judgment actions and stated that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

7

In *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003), citing *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit discussed the seven, non-exclusive *Trejo* factors to be analyzed in determining whether a federal court should yield its jurisdiction to state court:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3. whether the plaintiff engaged in forum shopping in bringing the suit;

4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5. whether the federal court is a convenient forum for the parties and witnesses;

6. whether retaining the lawsuit would serve the purposes of judicial economy; and

7. whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

An evaluation of the relevant *Trejo* factors weighs heavily in favor of federal abstention.

### A. There are pending state court lawsuits in which all of the matters in controversy may be fully litigated.

As explained by this Court in *DeQueen*, the first and seventh *Trejo* factors "ask the Court to determine whether there is a pending state action in which all of the matters in controversy may be fully litigated and whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *DeQueen*, 2013 WL 6004055 at 4.  Where, as here, the federal court is not being asked to construe a state judicial decree, factors one and seven apply in a similar manner and the court can consolidate these two factors. *DeQueen*, 2013 WL 6004055

at 4, citing, *National Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451 (E.D.La. June 7, 2012). The pendency of a state court action is of paramount concern. *State Farm Mut. Ins. Co. v. Thayer*, 2001 WL 224808 at 2 (E.D.La. March 6, 2001) (Duval, J.); *see also, Great American Ins. Co. v. Cumberland Inv. Group, LLC*, 2013 WL 5755641 (E.D.La. 10/23/13) (Duval, S.R.) ("Notably, whether there is a pending state action in which all the matters in controversy can be fully litigated is of paramount concern.)"

As the Fifth Circuit has explained, **"if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the issue and the federal court should exercise its discretion to dismiss the case."** *Sherwin-Williams*, 343 F.3d at 390-391.  Indeed, "it is well recognized that unnecessary interference with state court litigation should be avoided." Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 3d, 2758.  Stated another way, "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court [entertaining the declaratory judgment action] might be indulging in 'gratuitous interference.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).  The United States Fifth Circuit has held that "declaratory judgment relief may be denied … because of a pending state court proceeding in which the matters in controversy might be fully litigated …" *Torch, Inc. v LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991); *see also, Omega Protein, Inc. v. Briscoe*, 2000 WL 777910 at 1 (E.D.La. June 14, 2000) (Beer, J.) (existence of a pending state court proceeding weights heavily in favor of dismissal); *First Financial Ins. Co. v. Delta Contracting Enterprises, Inc.,* 1999 WL 1021440 (E.D.La. November 9, 1999) (McNamara, Chief J.) (declaratory judgment action dismissed when all matters can be fully litigated in state court proceedings); *Thayer*, 2001 WL 224808 at 2 (satisfaction of the first factor

alone is sufficient for the court to decline to hear the declaratory judgment suit).  Of course, that is exactly the fact scenario here—there is a pending state court action in which all matters can be fully litigated.

There is no question that there are first-filed, pending state court actions in which all of the matters in the instant Declaratory Judgment action may be fully litigated and that those matters are to be decided under state law.  The sole issue presented by Aggreko's Declaratory Judgment action is the interpretation, under Louisiana law, of a narrow issue related to a single insurance policy.  That is, whether the damages alleged by the state court plaintiffs constitute a single occurrence, such that Aggreko should only be responsible for a single $50,000 per occurrence self insured retention; or whether, as American Home contends, under Louisiana's effect test as adopted by the Louisiana Supreme Court, each underlying plaintiff constitutes a separate occurrence, such that American Home is not responsible, if at all, unless and until Aggreko exhausts a $50,000 per occurrence self insured retention for each plaintiff.  American Home has been named a defendant in each of the state court lawsuits and American Home has raised as an affirmative defense the number-of-occurrences issue in each of those state court lawsuits.  It is therefore beyond dispute that the state court lawsuits involve the same parties (American Home and Aggreko) and that the state court lawsuits involve the same issue (the number of occurrences).  It is likewise undisputed that the state court lawsuits were filed *before* the instant declaratory judgment action and that American Home answered the state court lawsuits and asserted its number-of-occurrences affirmative defense *before* the instant declaratory judgment action.  It is also undisputed that the interpretation of the insurance policy, which is the very subject of Aggreko's federal Declaratory Judgment action, is a matter of state law.  "Interpretation of an insurance contract is a matter of state law, making this case

10

particularly well-suited for resolution by the state court." *Steadfast Ins. Co. v. Picke Const. Corp.*, 2011 WL 1303144 at 4 (E.D.La. March 30, 2011) (Vance, S.S.); *see also, Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1582 (5th Cir. 1992) (finding that the district court abused its discretion by choosing not to stay or dismiss a declaratory judgment action when the action involved state law interpretation of an insurance policy and there was a pending state court action involving the same issue and parties).

The first, and most significant, *Trejo* factor therefore weighs heavily in favor of dismissal of Aggreko's Declaratory Judgment suit.

B.  **Aggreko is attempting to engage in improper forum shopping.**

To the extent the *Orix* factors are satisfied and this Court has jurisdiction over this matter, American Home does not challenge that this district is the proper venue or that this federal forum is either more or less convenient for either party. However, as Judge Vance recognized in *Steadfast Ins. Co. v. Picke Const. Corp.*, 2011 WL 1303144 at 4, where a party files suit in federal court after the issues have already been joined in a state court proceeding, the filing party has engaged in impermissible forum shopping. Aggreko could have filed a cross-claim against American Home in the underlying lawsuit, seeking a declaration regarding the number of occurrences; rather, Aggreko improperly engaged in forum shopping by filing suit in federal court. *See, State Farm Mutual Automobile Ins. Co. v. Thayer*, 2001 WL 224808 at 3 (E.D.La. March 6, 2001) (Duval, J.) ("The Declaratory Judgment Act is not to be used to bring into the Federal courts an affirmative defense which can be asserted in a pending State Court action"); *Great American Ins. Co. v. Cumberland Investment Group, LLC*, 2013 WL 5755641 (impermissible forum shopping found by filing coverage declaratory judgment action when the coverage dispute could have been raised in the pending state court action).

11

By filing suit in federal court, as opposed to allowing the state courts to address the very same issue, Aggreko is seeking to gain precedence in time and to change forums. Accordingly, both the third and fourth *Trejo* factors weigh in favor of abstention.

### C. **Retaining jurisdiction over Aggreko's Declaratory Judgment action would frustrate judicial economy.**

The sixth *Trejo* factor asks whether retaining jurisdiction over the lawsuit would serve the purposes of judicial economy. *Sherwin-Williams Co.*, 343 F.3d at 388. Just as this Court found in *DeQueen*, retaining jurisdiction over the instant Declaratory Judgment action would frustrate the principles of judicial economy because this Court and the state court would have to "engage in simultaneous litigation on substantially the same issues." *DeQueen*, 2013 WL 6004055 at 5. Not only would the parallel federal and state suits be duplicative, but they would create the risk of inconsistent adjudications. The determination as to whether or not the state court plaintiffs' damages constitute a single or multiple occurrences requires a factual inquiry. As this district has held, a "factual finding [which] is necessary to resolve the issue of coverage [ ] is better left to the state court." *Great American Ins. Co. v. The Cumberland Investment Group, LLC*, 2013 WL 5755641 (E.D.La. October 23, 2013) (Duval, S.R.). In this Circuit, the issue of whether an insurer has a duty to indemnify is based on the policy language and the adjudication of the facts in the underlying litigation. *See, Lexington Ins. Co. v. St. Bernard Parish Govt.*, 548 Fed.Appx. 176, 180-181 (5th Cir. 2013), citing, *Marco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 871-73, 877 (5th Cir. 2009). Aggreko cannot supply the facts necessary for an adjudication of the declaratory relief it seeks from this Court because those facts have not yet been developed. Those facts will be developed through discovery and adjudication in the state court suits. This Court cannot render a judgment without the benefit of those underlying facts. As recognized by this Court, "if this court were to retain jurisdiction over the declaratory

judgment action, discovery would be needed to determine the[] same factual issues and thus there would be a duplication of effort with the state court proceeding." *First Financial Ins. Co. v. Delta Contracting Enterprises, Inc.*, 1999 WL 1021440 at 2 (E.D.La. November 9, 1999) (McNamara, Chief J.).

"A federal district court must consider efficiency and avoid duplicative or piecemeal litigation where possible." *Tom's Welding, Inc.*, 2012 WL 2064451 at 6.  As this district recognized in *Great American Ins. Co. v. Baumer Foods, Inc.,* 2012 WL 1230831 at 2 (E.D.La. April 11, 2012) (Berrigan, H.G.), issues that arise from the same event and allegations of negligence "would be more properly addressed by the state court."  Judicial economy would be best served by having one court litigate the issues and determine the proper outcome.  *See, Evanston Ins. Co. v. Campo Music Shopping Center Condominium Ass'n.*, 2007 WL 4163429 at 3 (E.D.La. November 21, 2007) (Barbier, C.J.).  Determining the scope of insurance coverage in a declaratory judgment action when that issue is already pending in a state court lawsuit "would not serve the purpose of judicial economy.  To the contrary, the Court finds that it would be wasteful to litigate at the same time issues in two different courts….Also, to allow parallel proceedings in two courts under these circumstances would invite inconsistent policy interpretations and piecemeal litigation." *Steadfast Ins. Co. v. Picke Const. Corp.*, 2011 WL 1303144 at 4 (E.D.La. March 30, 2011) ( Vance, S.S.). If this Court retains jurisdiction over Aggreko's federal Declaratory Judgment action, duplicative discovery will be required; adjudication of the same issue will be required in both state and federal court; and there will be a risk of inconsistent factual and legal findings.  As has been long recognized in this Circuit, where a state court suit is pending, with the same parties and the same state law issues, federal courts should abstain from exercising their jurisdiction and yield to the pending state court lawsuits.

## IV. Conclusion

Aggreko's Declaratory Judgment action should be dismissed because 1) this Court lacks the authority to grant declaratory relief under the *Orix* factors and 2) because this Court should exercise it discretion under the *Brillhart-Wilson* abstention doctrine. Each of the relevant *Trejo* factors weighs heavily in favor of dismissing the federal suit. There is a pending state action in which all of the matters in controversy may be fully litigated (the first *Trejo* factor). The satisfaction of this factor alone is sufficient to justify a dismissal. In addition, the other relevant *Trejo* factors also weigh heavily in favor of dismissal. Aggreko engaged in impermissible forum shopping (third *Trejo* factor) and attempted to gain precedence in time or to change forums (fourth *Trejo* factor) by filing suit in federal court, as opposed to filing a cross claim against American Home in the pending state court suits. And the sixth *Trejo* factor of judicial economy weighs heavily in favor of dismissal. Maintaining jurisdiction over this Declaratory Judgment action would result in duplicative, and possibly inconsistent, factual and legal adjudications.

American Home Assurance Company therefore respectfully prays that this Honorable Court dismiss, or in the alternative stay, the instant Complaint and Request for Declaratory Judgment.

Respectfully submitted,

*/s/ Alistair M. Ward*
_____
ROBERT I. SIEGEL, ESQ. (LA#12063)
ALISTAIR M. WARD, ESQ. (LA#24693)
**GIEGER, LABORDE & LAPEROUSE, LLC**
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:    (504) 561-0400
Facsimile:     (504) 561-1011
*Counsel for American Home Assurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

/*s/ Alistair M. Ward*
_____
ALISTAIR M. WARD