```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


AGGREKO, LLC                              CIVIL ACTION

VERSUS                                    NO: 14-1215

AMERICAN HOME ASSURANCE                   SECTION: "J"(2)
COMPANY
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 9)** filed by Defendant American Home Assurance Company and Plaintiff Aggreko, LLC's opposition thereto. (Rec. Doc. 13) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This litigation commenced on May 28, 2014, when Plaintiff filed a Complaint and Request for Declaratory Judgment in the United States District Court for the Eastern District of Louisiana. (Rec. Doc. 1) During Hurricane Katrina, on or about August 29, 2005, Touro Infirmary lost power, which allegedly caused the injury or death of several patients. Id. at 2. More than forty lawsuits are currently pending in state court

1

regarding liability for those injuries and deaths. Plaintiff was made a defendant in those proceedings because it is alleged "that the loss of power resulted from [Plaintiff's failure] to provide adequate power generating equipment and fuel to operate the chillers in a portion of the hospital." Id. At the time of the incident, Plaintiff had a commercial general liability insurance policy with Defendant, which policy was in full force and effect. Id. at 3. Thus, Defendant herein was similarly named as a defendant in the state lawsuits under Louisiana's Direct Action Statute, Louisiana Revised Statute 22:659.

Plaintiff's policy with Defendant "provided coverage in the amount of $2 million per occurrence, with a $2 million annual aggregate." Id. However, under the policy, Plaintiff was required to pay a self-insured retention (SIR) of $50,000 per occurrence or offense. Id. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. Viewing each state lawsuit as a separate "occurrence," Defendant herein asserted a coverage defense and argued that it would not be liable under the policy until Plaintiff paid the self-insured retention in each state lawsuit. (Rec. Doc. 9, p. 1) Additionally, Defendant sent Plaintiff a reservation of rights letter stating, "[b]ased on the

facts as currently understood, each claim constitutes a separate 'occurrence' and [Plaintiff] must therefore exhaust a separate [self-insured retention for each of the 40 plus lawsuits]." <u>See</u> (Rec. Doc. 1-3, p. 2)

Desiring to avoid varying interpretations of the insurance policy between the many state lawsuits, Plaintiff filed the instant action for declaratory judgment regarding the proper amount of the retained limit. (Rec. Doc. 13, p. 11) Plaintiff therefore seeks to have this Court determine the issue of whether the loss of power at Touro Infirmary constitutes one single accident or occurrence or whether each plaintiff in the state lawsuits is a separate occurrence. <u>See</u> (Rec. Doc. 1, p. 4) Defendant, arguing that Plaintiff's request is "an attempt to undermine the jurisdiction of the state courts," filed a Motion to Dismiss (Rec. Doc. 9) on July 23, 2014. Plaintiff opposed the motion on August 19, 2014. (Rec. Doc. 13)

## LEGAL STANDARD

In its motion to dismiss, Defendant asks the Court to abstain from exercising jurisdiction over the Plaintiff's action for declaratory judgment. Plaintiff argues that abstention is not warranted because the abstention analysis set out in <u>Orix v. Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000)

weighs in favor of this Court exercising its jurisdiction to decide this controversy. Upon consideration of the three-step analysis set forth in Orix, discussed in detail below, the Court finds that abstention is warranted. The Court therefore grants Defendant's motion to dismiss.

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the Supreme Court made it clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant,'" the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 287–88. Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. Sherwin–Williams Co. v. Holmes Cnty., 343 F.3d 383, 387 (5th Cir.2003)(citing Orix, 212 F.3d at 895).

The United States Court of Appeals for the Fifth Circuit has identified a three-step inquiry for determining whether to decide or dismiss a complaint for declaratory relief. Orix, 212 F.3d at 895; See also Sherwin-Williams Co., 343 F.3d at 387. The first step requires a determination of whether the declaratory action is justiciable. Id. (citing Rowan Cos. v. Griffin, 876 F.2d 26, 27-28 (5th Cir.1989)). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. Orix, 212 F.3d at 895 (citing Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir.1993). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." Orix, 212 F.3d at 895 (citing Travelers, 996 F.2d at 778).

## DISCUSSION

**A. Justiciability**

A federal court will not have subject matter jurisdiction and "may not issue a declaratory judgment unless there exists an 'actual controversy.'" Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998). Neither party disputes that this action presents an actual controversy and is therefore justiciable. The Court agrees.

**B. Authority to Grant Declaratory Relief**

A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. § 2283]." Nat'l Cas. Co. v. Tom's Welding, Inc., No. 11-3101, 2012 WL 2064451 (E.D. La. June 7, 2012) (Africk, J.) (emphasis added).

The Court concludes that it lacks the authority to grant declaratory relief in the instant action. First, although it is true that Defendant has not previously filed a cause of action in state court, "the overall purpose of this step of the analysis is to determine whether there are competing state and federal proceedings." Nat'l Cas. Co. v. DeQueen, Inc., Nos. 13-5611, 13-5851, 2013 WL 6004055, at *3 (E.D. La. Nov. 13, 2013)(internal quotation marks omitted). Here, the state lawsuits were filed before this action for declaratory judgment, and Defendant herein asserted a coverage defense in the state lawsuits raising the same issue presented here. The Court therefore finds that there are competing state and federal proceedings. Second, the only issue Plaintiff raised in its action for declaratory judgment

necessarily requires a resolution of the "number of occurrences"coverage defense that Defendant raised in the state proceedings. Thus, although perhaps the issues are not presented identically here and in the state lawsuits, the Court finds that the two actions involve the same issues in satisfaction of the second prong of the analysis. Third, "[b]ecause there is a pending state court action in this matter," the Court concludes that the Anti-Injunction Act deprives it of authority to grant declaratory relief in the instant action. Id. The Court therefore lacks the authority to grant declaratory relief.

**C. Discretion to Decide Declaratory Action**

Even if the Court concluded that it had the authority to grant declaratory relief in this case, the Court would decline to exercise its discretion to decide the declaratory action under Fifth Circuit precedent. See St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir.1994). The Fifth Circuit has identified the following seven nonexclusive factors for district courts to consider when deciding whether to exercise their discretion to decide an action for declaratory judgment:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the

> suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, [and 7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590. The Court will discuss each in turn.

### 1. Factors One and Seven

Here, the Court is not asked to construe a state judicial decree. Factors one and seven apply in a similar manner when the Court is "not being called on to construe a state judicial decree involving the same parties." Tom's Welding, Inc., 2012 WL 2064451. The Court therefore will consolidate these two factors.

These factors weigh in favor of abstention. Defendants raised in the pending state suit the only issue that Plaintiff subsequently presented to this Court in its declaratory judgment action. Although the state and federal actions are not completely parallel, "the federal declaratory action raises only issues of state law[, the interpretation of an insurance contract,] and a state case involving the same state law issues is pending." Gemini Ins. Co. v. Turner Industries Grp., LLC, No. 13-05922,

2014 WL 3530475, at *3 (E.D. La. July 16, 2014). Therefore, "the state court should decide the case and [this Court] should exercise its discretion to dismiss the federal suit." Id. The Court places great weight on this "paramount," "important factor." Sherwin-Williams Co., 343 F.3d at 394; Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC, No. 13-4763, 2013 WL 5755641, at * 3 (E.D. La. Oct. 23, 2013).

### 2. Factors Two, Three, and Four

Factors two, three, and four "address 'fairness' concerns with respect to forum selection and they help to determine whether the plaintiff is using the declaratory action process 'to gain access to a federal forum on improper or unfair grounds.'" Tom's Welding, Inc., 2012 WL 2064451, at *6.

These factors weigh slightly in favor of abstention as this Court finds that Plaintiff's decision to file the federal declaratory action rather than raising the issue in the already pending state court action constitutes forum shopping. See Gemini, 2014 WL 3530475, at *4. Although Plaintiff would have to raise the issue in each of state lawsuits, these lawsuits are all proceeding in the same state court within the same appellate district. The burden of asserting the issue across the many state

actions and the risk of conflicting rulings are therefore minimized. See id.

### 3. Factor Five

Factor five asks whether federal court is a convenient forum for the parties and witnesses, and the Court finds that this factor is neutral. Sherwin-Williams Co., 343 F.3d at 388. The state court actions are pending before various sections of the Civil District Court for the Parish of Orleans. This Court sits less than one mile from that courthouse. Both fora are equally convenient.

### 4. Factor Six

Factor six considers the efficiency of maintaining the declaratory action. Sherwin-Williams Co., 343 F.3d at 391. Resolving the action for declaratory judgment would necessarily involve a determination of the number of occurrences under the policy. And "[d]etermining the number of occurrences in this case would necessarily involve litigating the underlying factual issues already at stake in the underlying state court cases and thus replication of effort." Gemini, 2014 WL 3530475, at *5. As discussed above, the state cases are proceeding in the same state court, albeit varying sections, within the same appellate district. Any inconsistencies could be resolved on appeal by one

court. Thus, the Court concludes that this factor weighs in favor of abstention.

Reviewing the above-analyzed factors, all but factor five weigh in favor of abstention, and factor five is neutral. Thus, the Court will exercise its discretion to abstain.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File a Reply* **(Rec. Doc. 18)**, Plaintiff's *Reply* **(Rec. Doc. 19)**, and Defendant's *Motion for Leave to File a Response to Plaintiff's Reply* **(Rec. Doc. 20)** are **DENIED as moot**.

New Orleans, Louisiana, this 12th day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE