```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


AGGREKO, LLC                              CIVIL ACTION

VERSUS                                    NO: 14-1215

AMERICAN HOME ASSURANCE                   SECTION: "J"(2)
COMPANY
```

### ORDER AND REASONS

Before the Court is a **Motion for Reconsideration (Rec. Doc. 23)** filed by Plaintiff Aggreko, LLC and Defendant American Home Assurance Company's opposition thereto. (Rec. Doc. 25) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS[1]

This Court granted Defendant's motion to dismiss and entered judgment in favor of Defendant on September 15, 2014. (Rec. Docs. 21, 22) The Court found that both mandatory and discretionary abstention were warranted in this case. First, the Court reasoned

---

[1] For a detailed presentation of the facts and procedural history in this case, see the Court's order dated September 15, 2014. (Rec. Doc. 21)

1

that the abstention analysis set out in Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000) mandated abstention here. Specifically, the Court noted that although Defendant herein had not previously filed a state action against the declaratory Plaintiff, a third party had filed a state action against both declaratory Plaintiff and Defendant that would address the issue that the declaratory action raised. The Court went on to find that even if mandatory abstention were unwarranted, the Court would decline to exercise its discretion to decide the declaratory action under St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994).

Plaintiff filed the instant *Motion for Reconsideration* **(Rec. Doc. 23)** on October 14, 2014.[2] Defendant opposed the motion on November 10, 2014. (Rec. Doc. 25)

## PARTIES' ARGUMENTS

Plaintiff argues that the Court's September 15, 2014, Order (Rec. Doc. 21) granting Defendants' Motion to Dismiss (Rec. Doc. 9) suffers from manifest errors in law. (Rec. Doc. 23) First, Plaintiff argues that the Court improperly found mandatory abstention appropriate despite the absence of one of the three

---

[2] Because the twenty-eighth day fell on Columbus Day, Plaintiff's motion is timely although filed more than twenty-eight days after the Court issued its order and judgment.

prerequisites for mandatory abstention. (Rec. Doc. 23-3, pp. 5-7) Specifically, declaratory Defendant had not previously filed a state action against declaratory Plaintiff; rather, a third party filed suit against both declaratory Plaintiff and Defendant. Id. Second, Plaintiff argues that the Court erred in abstaining and declining to exercise its discretion to hear the declaratory action. Id. at 7-13. Plaintiff contends that the Court granted discretionary abstention after considering only the first Trejo factor: whether both the pending state and federal actions involve the same state law issues. Id. at 8-9. Plaintiff further argues that the Court erred by either improperly articulating or addressing the second, third, fourth, and sixth Trejo factors. Id. at 9-13.

Defendant asserts that the Court's September 15, 2014, Order suffers from no manifest error of law, and therefore, Plaintiff cannot meet the standard under Federal Rule of Civil Procedure 59(e) for reconsideration. (Rec. Doc. 25, pp. 1-2) Defendant argues that Plaintiff merely wishes to relitigate the Court's adverse ruling. Id. at 1. Defendant states that mandatory abstention does not require the declaratory Defendant to have previously filed a state action against the declaratory Plaintiff. Id. at 2-4. As a result of Louisiana's Direct Action

Statute, Defendant was not required to file a separate state action against Plaintiff to assert its coverage defense. Id. at 3. Because the "relevant inquiry is 'whether there are competing state and federal proceedings,'" it is sufficient for application of mandatory abstention that the issue that Plaintiff's declaratory action presents was previously joined in the state action. Id. at 3 (quoting Nat'l Cas. Co. v. DeQueen, Inc., No. 13-5851, 2013 WL 6004055, at *2 (E.D. La. Nov. 13, 2013)). Finally, Defendant disputes Plaintiff's contention that this Court improperly evaluated the Trejo factors. Id. at 4-10. Defendant therefore maintains that both mandatory and discretionary abstention were appropriate here.

## LEGAL STANDARD

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to

4

the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant

"must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## DISCUSSION

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the United States Supreme Court made it clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant,'" the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 287–88. Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. Sherwin–Williams Co. v. Holmes Cnty., 343 F.3d 383, 387 (5th Cir.2003)(citing Orix, 212 F.3d at 895).

The United States Court of Appeals for the Fifth Circuit has identified a three-step inquiry for determining whether to decide

6

or dismiss a complaint for declaratory relief. Orix, 212 F.3d at 895; see also Sherwin-Williams Co., 343 F.3d at 387. The first step requires a determination of whether the declaratory action is justiciable. Id. (citing Rowan Cos. v. Griffin, 876 F.2d 26, 27-28 (5th Cir.1989)). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." Orix, 212 F.3d at 895 (citing Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir.1993)). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." Id. (citing Travelers, 996 F.2d at 778).

At issue here are the second and third steps of this inquiry. Plaintiff first challenges the Court's conclusion that it lacks authority to grant declaratory relief; that is, whether "mandatory abstention" is appropriate. Additionally, Plaintiff argues that the Court improperly exercised its discretion to dismiss Plaintiff's declaratory judgment action. The Court will examine each issue in turn.

**A. Mandatory Abstention**

A district court lacks authority to grant declaratory relief-and thus mandatory abstention applies-when: "(1) the

declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. § 2283]." Nat'l Cas. Co. v. Tom's Welding, Inc., No. 11-3101, 2012 WL 2064451 (E.D. La. June 7, 2012) (Africk, J.) (emphasis added).

Plaintiff argues that the Court incorrectly applied mandatory abstention here because the circumstances of this case do not satisfy the first requirement. Specifically, declaratory Defendant did not previously file a state action against declaratory Plaintiff. Rather, third parties filed several state actions against declaratory Plaintiff in the Civil District Court for the Parish of Orleans alleging that declaratory Plaintiff is liable for injuries suffered during Hurricane Katrina. As declaratory Plaintiff's liability insurer, declaratory Defendant also was named as a defendant in the underlying state actions under Louisiana's Direct Action Statute, Louisiana Revised Statute 22:659. Before declaratory Plaintiff filed the instant federal action for declaratory relief, declaratory Defendant raised its coverage defenses as affirmative defenses in its answers to the state lawsuits. (Rec. Doc. 25, p. 3) Thus,

declaratory Defendant raised the exact and only issue that declaratory Plaintiff raises herein in the first-filed state actions before declaratory Plaintiff filed the instant action. Id.

The Court therefore must determine whether declaratory Defendant's actions in the state proceeding satisfy the first requirement for mandatory abstention. The Court again notes that "the overall purpose of this step of the analysis is to determine whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act." Nat'l Cas. Co. v. DeQueen, Inc., Nos. 13-5611, 13-5851, 2013 WL 6004055, at *3 (E.D. La. Nov. 13, 2013)(quoting Allstate Texas Lloyds v. Sawyer, No. 07-0360, 2007 WL 2471057 (N.D. Tex. Aug. 31, 2007))(internal quotation marks omitted). Plaintiff argues, however, that it is improper to consider this overall purpose when the express language requires the declaratory defendant to have previously filed a cause of action. In support, Plaintiff cites to Steadfast Insurance Co. v. Picke Construction Corp., No. 10-3286, 2011 WL 1303144 (E.D. La. Mar. 30, 2011)(Vance, J.). There, the state court plaintiff brought suit against the declaratory defendant and later amended the petition to add as defendant the

declaratory plaintiff, who was the declaratory defendant's liability insurer. The declaratory plaintiff-the insurer-then filed the federal declaratory action seeking a declaration of the parties' rights and obligations under the policy. When the declaratory plaintiff later sought a default judgment, the court examined whether it had the authority to grant declaratory relief. The court then determined that mandatory abstention did not apply because the pending state court action was not filed by the declaratory defendant against the declaratory plaintiff. This Court notes, however, that the opinion in Steadfast does not state that the declaratory plaintiff raised the issue in state court before filing the federal action. Thus, the issue that the declaratory action raised was not *yet* before the state court. The Court need not engage in a sweeping analysis of cases discussing mandatory abstention or rely entirely upon such a thin reed, however, because, as the Court stated in its previous order, "[e]ven if the Court concluded that it had the authority to grant declaratory relief in this case, the Court would decline to exercise its discretion to decide the declaratory action." See (Rec. Doc. 21, p. 7).

**B. Discretionary Abstention**

The U.S. Court of Appeals for the Fifth Circuit has

identified seven nonexclusive factors for district courts to consider when deciding whether to exercise their discretion to decide an action for declaratory judgment:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, [and 7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994). Plaintiff challenges this Court's application of the Trejo factors, arguing that the Court erred by granting discretionary abstention after considering only the first Trejo factor and by either improperly articulating or addressing the second, third, fourth, and sixth Trejo factors. (Rec. Doc. 23-3, pp. 8-13) Consequently, the Court will clarify its analysis of the Trejo factors by reviewing them here.

### 1. Factors One and Seven

The Court consolidates its consideration of these two factors because the Court is not called upon to construe a state judicial decree. <u>Tom's Welding, Inc.</u>, 2012 WL 2064451.

The Court previously determined that these factors weighed in favor of abstention because Defendant raised in the pending state suit the only issue that Plaintiff presents to this Court in its declaratory judgment action. Although the state and federal actions are not completely parallel, "the federal declaratory action raises only issues of state law[, the interpretation of an insurance contract,] and a state case involving the same state law issues is pending." <u>Gemini Ins. Co. v. Turner Industries Grp., LLC</u>, No. 13-05922, 2014 WL 3530475, at *3 (E.D. La. July 16, 2014)(Berrigan, J.). Under <u>Trejo</u>, that suffices. <u>Id.</u> Plaintiff does not dispute this reasoning, but asserts that the Court dismissed the federal action after considering only this factor. The Court disagrees, although the Court admits that it engaged in some enthusiastic quoting in the opinion. However, the Court went on to discuss the remaining <u>Trejo</u> factors for a reason.

## 2. Factors Two, Three, and Four

Factors two, three, and four "address 'fairness' concerns with respect to forum selection and they help to determine whether the plaintiff is using the declaratory action process 'to gain access to a federal forum on improper or unfair grounds.'" Tom's Welding, Inc., 2012 WL 2064451, at *6.

The Court previously held that these factors, considered together, weigh slightly in favor of abstention. The Court explicitly addressed the third factor and reasoned that declaratory plaintiff engaged in forum shopping when it filed the federal declaratory action although declaratory defendant was already joined in the first-filed state action and had already raised the issue in the state litigation. See (Rec. Doc. 21, p. 9)(citing Gemini, 2014 WL 3530475, at *4); see also Steadfast, 2011 WL 1303144, at *4 (finding that declaratory plaintiff engaged in forum shopping "by filing [the] declaratory action in federal court after [state court plaintiff] had already joined [declaratory plaintiff] in its state court action"). Plaintiff disagrees, but the Court stands by its previous conclusion with respect to the third factor. The Court, however, agrees with Plaintiff's other assignments of error with respect to these factors. The Court failed to explicitly address factors two and

13

four, and these factors likely weigh against abstention here; Plaintiff neither filed the instant suit in anticipation of a lawsuit filed by Defendant nor seems to have gained an unfair advantage by filing the federal action.[3] The Court maintains that factor three weighs in favor of abstention, but will now assume that factors two and four weigh against abstention.

### 3. Factor Five

Plaintiff does not dispute the Court's previous application of this factor in which the Court determined that this factor is neutral because both the state and federal fora are equally convenient. Consequently, the Court will discuss it no further.

### 4. Factor Six

Factor six considers the efficiency of maintaining the declaratory action. Sherwin–Williams Co., 343 F.3d at 391. The Court previously found that this factor weighs in favor of abstention:

> Resolving the action for declaratory judgment would necessarily involve a determination of the number of occurrences under the policy. And "[d]etermining the number of occurrences in this case would necessarily involve litigating the underlying factual issues already at stake in the underlying state court cases

---

[3] To be clear, the Court is not agreeing with Plaintiff that it must engage in a full analysis of each factor under Trejo. Instead, the Court agrees that factors two and four likely weigh against abstention here. The Court's cursory analysis in its previous order inadvertently obscured this fact.

> and thus replication of effort." <u>Gemini</u>, 2014 WL 3530475, at *5. As discussed above, the state cases are proceeding in the same state court, albeit varying sections, within the same appellate district. Any inconsistencies could be resolved on appeal by one court. Thus, the Court concludes that this factor weighs in favor of abstention.

(Rec. Doc. 21, pp. 10-11) Plaintiff seeks to relitigate this factor, but the Court declines to do so. The Court concludes that factor six weighs in favor of abstention.

Reviewing the above-analyzed factors, factors one, three, and six weigh in favor of abstention. As before, the Court places great weight on the "paramount," "important" first factor. <u>See</u> (Rec. Doc. 21, p. 9)(citing <u>Sherwin-Williams Co.</u>, 343 F.3d at 394; <u>Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC</u>, No. 13-4763, 2013 WL 5755641, at *3 (E.D. La. Oct. 23, 2013)). Additionally, the Court continues to note that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." <u>Tom's Welding, Inc.</u>, 2012 WL 2064451, at *6. Thus, although factor five is neutral, and the Court assumes factors two and four weigh against abstention, the Court remains convinced that abstention is appropriate in this case.

15

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 23)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File a Reply* **(Rec. Doc. 26)** is **DENIED** as untimely.

New Orleans, Louisiana, this 5th day of December, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE